IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:17-CR-30091-NJR-1 |
| ROBERT A. HOCK, | |
| Defendant. | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Defendant Robert A. Hock's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 58). Hock requests a reduction under both the "zero-point" offender and "status points" provisions of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). As provided in Administrative Order 362, the Court directed the Federal Public Defender to enter its appearance to determine whether Hock may be eligible for relief. (Doc. 59). Attorney Patrick S. Kilgore entered his appearance and subsequently filed a Motion to Withdraw, asserting that Hock's motion is without merit. (Doc. 61). Hock did not respond to the Motion to Withdraw.

Under Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice

sentence receives one status point. A defendant who has six or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. *See* U.S.S.G. § 1B1.10(e)(2). Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1.

Here, although Hock requests relief under both Part A and Part B of Amendment 821, he is not eligible for a reduction under either provision. Hock was not given status points at sentencing because he did not commit the offense of conviction while he was under any criminal justice sentence. (*See* Docs. 48, 51). He also is not a zero-point offender, as he was assessed four criminal history points. (*See id.*). Thus, Hock does not qualify for a sentence reduction under either prong.

For these reasons, the *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 filed by Defendant Robert A. Hock (Doc. 58) is **DENIED**. The Motion to Withdraw filed by Attorney Patrick S. Kilgore (Doc. 61) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  May 2, 2024

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**